UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST SHEET METAL WORKERS
ORGANIZATIONAL TRUST, et al.,

                  Plaintiffs,

    v.

4 SEASONS MECHANICAL,

                  Defendant.

Case No. C14-1920 BAT

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND GRANTING LEAVE TO FILE AN AMENDED MOTION**

       The Court, having considered Plaintiffs' unopposed Motion for Summary Judgment and supporting documents (Dkt. 14) as well as the underlying record in this case, hereby **DENIES** Plaintiffs' motion for the reasons stated below.  Plaintiffs are given leave to file an amended motion for summary judgment no later than **December 11, 2015.**  The Court further finds that Defendant, 4 Seasons Mechanical, appears to be without counsel and may therefore be subject to default under LCR 83.2(b)(3).

## I.  BACKGROUND

       This case concerns pension and trust funds governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*  The underlying facts in this case are undisputed.  Plaintiffs are Sheet Metal Workers Local 66 ("Local 66"), a labor

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AND GRANTING LEAVE TO FILE AN AMENDED
MOTION - 1

1    organization, and several employee benefit funds.  Dkt. 1 at ¶¶ 2, 4, 6, 8, 10, 12, 14; Dkt. 5 at ¶¶

2    2, 4, 6, 8, 10, 12, 14.  Defendant is a sheet metal contractor and has been a party to a collective

3    bargaining agreement with Plaintiff Local 66.  Dkt. 1 at ¶ 15; Dkt. 5, ¶ 15.  The collective

4    bargaining agreement required Defendant to make payments into pension funds and trust funds.

5    Dkt. 1 at ¶ 17; Dkt. 5 at ¶ 17.  For the period of June 2014 through February 2015, Defendant

6    failed to fulfill these obligations.  Dkt. 1 at ¶ 21; Dkt. 5 at ¶ 21.  Defendant also received money

7    from Plaintiff Local 66's employees, and Defendant was obligated to deposit these funds

8    appropriately, but did not make these deposits.  Dkt. 1 at ¶ 18; Dkt. 5 at ¶ 18.  Plaintiffs thus filed

9    this case to collect employee benefit contributions, liquidated damages, pre-judgment interest,

10   costs, and attorneys' fees pursuant to 29 U.S.C. § 1132(g).  On October 19, 2015, Plaintiffs filed

11   a motion for summary judgment.  Dkt. 14.  Plaintiffs seek a judgment for the sum of the

12   delinquent contributions, liquidated damages, pre-judgment interest, and attorneys' fees and

13   costs as well as an award of post-judgment interest in the amount .27% per annum until paid.  *Id.*

14   Defendant did not oppose this motion, and based upon the record, appears to be without counsel.

15   *See* Dkt. 12–13.

16                              **II.      LEGAL STANDARDS**

17   **A.      Summary Judgment**

18            Summary judgment is appropriate if, viewing the evidence and all reasonable inferences

19   drawn therefrom in the light most favorable to the nonmoving party, the moving party shows that

20   "there are no genuine issues of material fact and the moving party is entitled to judgment as a

21   matter of law."  Fed.R.Civ.P. 56(a); *Torres v. City of Madera,* 648 F.3d 1119, 1123 (9th Cir.

22   2011).  A court cannot grant a summary judgment motion merely because the motion is

23   unopposed.  *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 949–50 (9th Cir.1993); *accord Martinez v.*

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AND GRANTING LEAVE TO FILE AN AMENDED
MOTION - 2

1   *Stanford,* 323 F.3d 1178, 1182 (9th Cir.2003).[1]  Even without an opposition, the court must

2   apply standards consistent with Federal Rule of Civil Procedure 56, determining if the moving

3   party's motion demonstrates that there is no genuine issue of material fact and judgment is

4   appropriate as a matter of law.  *Henry,* 983 F.2d at 950.

5   **B.    Evidentiary Issues**

6          In ruling on a motion for summary judgment, a trial court can only consider admissible

7   evidence.  *See* Fed.R.Civ.P. 56(e); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir.

8   2002).  Admissibility of evidence is established through authentication, by "produc[ing]

9   evidence sufficient to support a finding that the item is what the proponent claims it is."

10  Fed.R.Evid. 901(a).  Unauthenticated documents cannot be considered in a motion for summary

11  judgment.  *Orr*, 285 F.3d at 773.[2]  For purposes of a summary judgment motion, "documents

12  authenticated through personal knowledge must be attached to an affidavit that meets the

13  requirements of Fed.R.Civ.P. 56(e), and the affiant must be a person through whom the exhibits

14  could be admitted into evidence."  *Orr,* 285 F.3d at 773–74 (internal quotations, citations, and

15  footnotes omitted).

16          In support of the motion, Plaintiffs submit the Declaration of Daniel Hutzenbiler, an

17  attorney for Plaintiffs, with Exhibits A–Q attached.  According to Mr. Hutzenbiler's declaration,

18  Exhibit A consists of "[a] true and correct copy of the collective bargaining agreement in effect

19  between Defendant 4 Seasons Mechanical and Local 66."  Dkt. 14, Decl. Hutzenbiler, at ¶ 12.

20

21  [1] *See also* Fed.R.Civ.P. 56, 2010 cmt. to subdivision (e) ("[S]ummary judgment cannot be granted by default. . . .");
    LCR 7(b)(2) (failure to respond to a summary judgment motion is not to be treated as an admission that the motion
22  has merit).
    [2] *See also Cristobal v. Siegel,* 26 F.3d 1488, 1494 (9th Cir.1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co.,*
23  *Inc.,* 896 F.2d 1542, 1550–51 (9th Cir.1989); *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir.1987);
    *Hamilton v. Keystone Tankship Corp.,* 539 F.2d 684, 686 (9th Cir.1976).

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AND GRANTING LEAVE TO FILE AN AMENDED
MOTION - 3

According to Mr. Hutzenbiler's declaration Exhibits B–G consist of excerpts of trust agreements allegedly also binding on Defendant by operation of the collective bargaining agreement. *Id.* at ¶¶ 13, 16. The Court finds that these documents are insufficient to support Plaintiffs' motion. While Defendant's Answer admits that Defendant was party to a collective bargaining agreement with Local 66 (Dkt. 5 at ¶¶ 15, 17), the copy of the collective bargaining agreement proffered by Plaintiffs is undated, unsigned, and unaccompanied by any other materials demonstrating assent by Defendant. Further, the collective bargaining agreement was submitted under the declaration of Plaintiffs' attorney. The Court finds nothing in Mr. Hutzenbiler's declaration to demonstrate his personal knowledge as to the authenticity of Exhibits A–G (collective bargaining agreement and trust agreements), and these documents are thus inadmissible and not properly of record. Accordingly, the Court may not consider these materials in ruling on Plaintiffs' motion.

**C.    Plaintiffs' Entitlement to Contributions, Liquidated Damages, Pre-Judgment Interest, Attorney Fees and Costs and Amounts Due**

There is no question that this case is governed by ERISA, and that ERISA obligates participating employers to make contributions to a multi-employer trust fund in accordance with the applicable contracts. 29 U.S.C. § 1145. ERISA provides specific remedies including unpaid contributions, liquidated damages, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2). Defendant never disputed that it was party to a collective bargaining agreement with Plaintiffs and was delinquent in paying required contributions for the months of June 2014 through February 2015. Dkt. 5 at ¶¶ 17–21. Plaintiffs filed this civil action, triggering 29 U.S.C. § 1132(g)(2). The Court thus finds no issues of fact regarding Plaintiffs' entitlement to delinquent contributions, liquidated damages, pre-judgment interest, and attorneys' fees and costs. The Court, however, cannot grant summary judgment on the sums due to Plaintiffs because the

1  collective bargaining agreement and trust agreements proffered to establish the basis for the

2  calculation of liquidated damages and pre-judgment interest are not properly of record.  Further,

3  the Court finds that the calculations presented by Plaintiffs in the motion for summary judgment

4  are inconsistent, at times indicating that Plaintiffs are due liquidated damages of $16,077.20

5  (Dkt. 14 Motion at 1; Proposed Order at 1) or $29,903.23 (Dkt. 14 Motion at 2; Decl.

6  Hutzenbiler at ¶ 20).  Likewise Plaintiffs' summary judgment materials state that Plaintiffs are

7  entitled to pre-judgment interest of $4,643.68 (Dkt. 14 Motion at 1; Proposed Order at 1) or

8  $15,567.23 (Dkt. 14 Motion at 2; Declaration of Hutzenbiler at ¶ 20).  Although Plaintiffs are

9  entitled to attorneys fees, there are additional discrepancies in the materials regarding the amount

10 due.  Dkt. 14 at 1–2.

11      With respect to the delinquent contributions, Plaintiffs' Complaint states that the dollar

12 amount due to Plaintiffs "cannot be ascertained without reviewing Defendant's employment

13 records for the period in question."  Dkt. 1 at ¶ 22.  Defendant admitted this assertion to be true.

14 Dkt. 5 at ¶ 22.  Mr. Hutzenbiler's Declaration states that Defendant did not respond to discovery.

15 Dkt. 14, Decl. Hutzenbiler at ¶ 21.  The materials submitted by Plaintiffs do not establish how

16 the total delinquent contributions were calculated and do not include any relevant employment

17 records.  It is thus unclear how the total of $154,222.10 was derived.

18      Plaintiffs argue in the alternative that they are entitled to contributions, liquidated

19 damages, attorneys' fees, and costs under Section 301 of the National Labor Relations Act for

20 collection of delinquent trust fund contributions and wages withheld.  Because this theory also

21 necessarily relies upon the collective bargaining agreement and trust agreements which are not

22 properly of the record, the Court declines to address this argument at this time.

23 //

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AND GRANTING LEAVE TO FILE AN AMENDED
MOTION - 5

**D.      Defendant's Lack of Counsel**

On June 22, 2015, Defendant's former attorney, Antoni Froehling, filed a motion to withdraw from this case certifying that he had advised Defendant of its obligation, as a business entity, to be represented by counsel before this Court.  Dkt. 12 at 3.  On July 13, 2015, the Court granted Mr. Froehling's motion to withdraw.  Dkt. 13.  To date, no other attorney has appeared on behalf of Defendant.  LCR 83.2(b)(3) requires business entities to be represented by counsel in proceedings before this Court.  Accordingly, Defendant may be subject to an entry of default, however, a motion for judgment by default against Defendant must comply with the evidentiary requirements of LCR 55(b).

### III. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Summary Judgment (Dkt. 14) is denied without prejudice.  Plaintiffs are given leave to file an amended motion for summary judgment no later than December 11, 2015.

DATED this 20th day of November, 2015.


BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY
JUDGMENT AND GRANTING LEAVE TO FILE AN AMENDED
MOTION - 6